*8/30/12 VHdel Hackney Order*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2012 AUG 30   A 11: 15

|  |  |  |
|---|---|---|
| MARK HACKNEY, | : |  |
|  plaintiff, | : |  |
|  | : | PRISONER |
|  v. | : | CASE NO. 3:12-cv-1181 (AVC) |
|  | : |  |
| DOCTOR SIVLIS, et al., | : |  |
|  defendants. | : |  |

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Garner Correctional
Institution in Newtown, Connecticut, has filed a complaint *pro se*
pursuant to 42 U.S.C. § 1983 (2000).  The plaintiff names as
defendants Doctor Silvis and Nurses Jane Doe 1 and Jane Doe 2 and
concerns the plaintiff's medical treatment while he was confined
at MacDougall Correctional Institution.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review
prisoner civil complaints and dismiss any portion of the
complaint that is frivolous or malicious, that fails to state a
claim upon which relief may be granted, or that seeks monetary
relief from a defendant who is immune from such relief.  Id.

In reviewing a *pro se* complaint, the court must assume the
truth of the allegations, and interpret them liberally to "raise
the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480
F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are
not required, the complaint must include sufficient facts to
afford the defendants fair notice of the claims and the grounds
upon which they are based and to demonstrate a right to relief.

Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).
Conclusory allegations are not sufficient.  Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must
plead "enough facts to state a claim to relief that is plausible
on its face."  Twombly, 550 U.S. at 570.  But "'[a] document
filed *pro se* is to be liberally construed and a *pro se* complaint,
however inartfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers.'"  Boykin v.
KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v.
Pardus, 551 U.S. 89, 94 (2007)).

    The plaintiff alleges that he was first seen by Dr. Silvis
regarding complaints of abdominal pain on March 26, 2009.  An x-
ray taken on March 30, 2009, was normal.  The plaintiff continued
to complain about abdominal pain.  On November 1, 2009, at
approximately 12:30 a.m., the plaintiff went to the medical unit.
Although he was bent over in pain, Nurse Jane Doe 1 told him to
return to his housing unit.  He stated that he could not walk
back to the housing unit and remained in the medical unit.  Nurse
Jane Doe 2 told him that he would be seen by the doctor at 9:30
a.m.

    After several hours, the plaintiff was screaming in pain.
The correctional lieutenant was called to the unit and he called
for an ambulance to take the plaintiff to the University of
Connecticut Medical Center where he underwent gall bladder

2

surgery.  The plaintiff was prescribed pain medication before being discharged from the hospital.  The medication was cancelled upon return to the correctional facility.  The plaintiff was not permitted to return to the hospital for a follow-up visit. Instead he was seen by a prison doctor who did not even look at his incision.

The court concludes, at this time, that the complaint should be served on defendants in their individual capacities.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)  **The Pro Se Prisoner Litigation Office shall** verify the current work address of Dr. Silvis with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to him at the confirmed address within **fourteen (14) days** of this order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If Dr. Silvis fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) **The defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He also may include any and all additional defenses permitted by the federal rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

4

(8)   The court cannot effect service on Nurses Jane Doe 1 or Jane Doe 2 without their full names and current work addresses. The plaintiff is directed to file an amended complaint containing this information.   The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this order.   Failure to comply with this order may result in the dismissal of the claims against defendants Doe without further notice from the court.

SO **ORDERED** this 29TH day of August 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge

5